Citation Nr: 1722247 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 12-14 005 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Albuquerque, New Mexico


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

R. Connally, Associate Counsel


INTRODUCTION

The Veteran, who is the appellant in this case, had service from October 1974 to October 1978.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an August 2010 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Albuquerque, New Mexico.

In June 2015, the Veteran testified at a Board hearing before the undersigned Veterans Law Judge (VLJ); a transcript of the hearing is associated with the claims file.

The Board previously considered this appeal in August 2015, and remanded this issue for further development in order to attempt to verify PTSD stressor information. That development was completed, and the case returned to the Board for further appellate review.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran also asserts that he is entitled to service connection for an acquired psychiatric disorder, to include PTSD, as a result of his experiences during active military service. 

VA and private treatment records reflect a diagnosis of depression, however no medical opinion as to the etiology of the condition was provided. On remand, the Veteran should be provided with a VA examination that considers the full evidence of record and specifically addresses the relationship, if any, between depression and service.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA psychological examination with a VA psychiatrist or psychologist or a psychiatrist or psychologist with whom VA has contracted to determine the nature and etiology of any current acquired psychiatric disorder. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The Veteran's claims file and a copy of this remand must be made available to the examiner for review, and the examiner must specifically note on the report whether such files were reviewed in connection with this examination. In addition, any verified stressor(s) should be reported to the examiner.

a. For any diagnosis provided for an acquired psychiatric disorder, to specifically include the diagnosed depression, provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that the disability had its onset during, or is otherwise caused or permanently aggravated by, the Veteran's active service.

The examiner must include in the examination report the rationale for any opinion expressed. However, if the examiner cannot respond to the inquiry without resort to speculation, he or she should so state, and further explain why it is not feasible to provide a medical opinion.

2. After completing the aforementioned, and any further development deemed necessary, readjudicate the Veteran's claim of entitlement to service connection for an acquired psychiatric disorder, to include PTSD. If the benefit sought on appeal is not granted in full, the Veteran and his representative should be furnished with a Supplemental Statement of the Case and afforded an opportunity to respond before the file is returned to the Board for further appellate consideration.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).